**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD D. CANADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-03336 JAR |
| | ) | |
| MERIDIAN MEDICAL TECHNOLOGIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 11); Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 14); and Defendant's Motion to Enforce Settlement Agreement (Doc. No. 19).

**Background**

On October 14, 2019, Plaintiff Edward D. Canady ("Plaintiff") filed a petition against Defendant Meridian Medical Technologies, Inc. ("Defendant") in the Circuit Court of St. Louis County, Missouri, alleging violations of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and claims of retaliation in violation of federal law. (Doc. No. 4). See Edward D. Canady v. Meridian Medical Technologies, Case No. 19SL-AC30483 (21st Jud. Cir. 2019). On December 26, 2019, Defendant removed the action to this Court based on federal question jurisdiction. (Doc. Nos. 1, 8).

On January 30, 2020, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 11). Proceeding *pro se*, Plaintiff responded by moving to dismiss his action without prejudice on the grounds that he "is not adequately prepared to represent himself on the

matter before the Federal judiciary"; that he "believes Original petition does not appropriately represent action Plaintiff requested former counsel to bring against Defendant"; and that he "has filed a subsequent case in the 21st Judicial Circuit Court of the State of Missouri that represents [his] true dispute with Defendant."[1] (Doc. No. 14). Defendant responded to Plaintiff's motion with a motion to enforce settlement agreement. (Doc. No. 19).

**Discussion**

Under Federal Rule of Civil Procedure Rule 41(a)(1)(A), a "plaintiff may dismiss an action without court order by filing ... a notice of dismissal before the other party files either an answer or summary judgment." Unless the notice states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). "Because the rule permits dismissal as of right, it requires only notice to the court, not a motion, and permission or order of the court is not required." Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990) (citations omitted).

Plaintiff's motion to dismiss does not cite Fed. R. Civ. P. 41(a)(1). Nevertheless, the Court construes Plaintiff's motion as a notice of voluntary dismissal under Rule 41(a)(1) and not a motion under Rule 41(a)(2).[2] See Ventura–Vera v. Dewitt, 417 F. App'x 591, 591–92 (8th Cir. 2011) (construing pro se plaintiff's motion to dismiss as a notice of voluntary dismissal). Defendant did not answer or move for summary judgment, and a motion to dismiss is "not considered to be the

---

[1] According to Missouri Case Net, on February 28, 2020, Plaintiff filed a petition against Defendant in the Circuit Court of St. Louis County, Missouri, alleging breach of a collective bargaining agreement and the discipline, suspension and discharge policy established therein. See Edward D. Canady v. Meridian Medical Technologies, Case No. 20SL-CC01059 (21st Jud. Cir. 2020).

[2] Rule 41(a)(2), applicable once an answer or motion for summary judgment has been served, provides in relevant part: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2

equivalent of either an answer or a motion for summary judgment" for the purposes of Rule 41(a)(1)(A)(i). Randall v. Direct Buy, Inc., No. 4:09CV243SNLJ, 2009 WL 4030533, at *2 (E.D. Mo. Nov. 19, 2009) (citing Brackett v. State Highways & Transp. Comm'n of Mo., 163 F.R.D. 305, 307 (W.D. Mo. 1995)); see also Hawkins v. Singer, No. Civ. 02–4098 (JRT/FLN), 2003 WL 22076552, at *2 n. 1 (D. Minn. Sept. 2, 2003) ("Defendants have filed motions to dismiss, but these do not fit the narrow strictures of Rule 41(a)."). In the context of Rule 41, the filing of an answer or a motion for summary judgment must be "construed strictly and exclusively." Safeguard, 907 F.2d at 863.

Accordingly, Plaintiff has the right to voluntarily dismiss his claims against Defendant pursuant to Rule 41(a)(1)(A), and needs no Court approval to do so. Dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Defendant's motion to dismiss and motion to enforce settlement agreement will, therefore, be denied as moot. See Woody v. City of Duluth, 176 F.R.D. 310, 311 315 (D. Minn. 1997) (finding that plaintiff's motion to voluntarily dismiss defendant mooted defendant's motion to dismiss).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice [14] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [11] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Enforce Settlement Agreement [19] is **DENIED as moot.**

Dated this 11th day of May, 2020.

3

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

4